IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) Criminal No. 00-195 |
| | ) |
| DAMIAN SCOTT | ) |

**MOTION TO VACATE APRIL 27, 2004 ORDER**

AND NOW, comes the defendant, Damian Scott, by his attorney, Michael J. Novara, First Assistant Federal Public Defender, and respectfully files this Motion to Vacate this Court's April 27, 2004 Order. In support thereof counsel states:

**Introduction**

On April 27, 2004, this Court revoked Damiane Scott's term of supervised release and sentenced him to the custody of the United States Bureau of Prisons ("BOP") for a term of seven (7) months, with no term of supervised release to follow. The Court permitted Mr. Scott to self-report to his designated institution, but Ordered him to report to the United States Marshal's Office by noon on the 26th day of May, 2004, if he has not "heard and not been given instructions as to the place and time to serve" as of that date.

According to Mr. Scott, he did not hear from the

Marshal's office by May 26, 2004, so he reported to their office as directed by the Court.  Mr. Scott has informed undersigned counsel that he was told by persons in that office that he should go back home since there was no paperwork on him and that he should wait to receive a letter regarding his designation.

Mr. Scott did not hear back from the Marshal's office at or near that time and resumed his life, including employment. See December 6, 2007 letter from Zanae L. Johnson, attached hereto at Exhibit A, stating that Mr. Scott has been continuously employed by that agency since August of 2004. Mr. Scott did not receive any word concerning his designation until some time in late 2007, over three years after he was sentenced by the Court.

For the reasons set forth herein, Mr. Scott asserts that his failure to commence and complete his sentence is based on the negligence of the United States Marshal's office and/or the BOP.  Accordingly, he must receive credit for the time he has been on release, well in excess of the seven month sentence, effectively negating his sentence.  Alternatively, Mr. Scott asserts that the BOP has waived jurisdiction of its right to execute the sentence.

Mr. Scott hereby requests that an evidentiary hearing be held to establish facts necessary for the Court to decide the above-described issues.

**Discussion**

It is well-settled that a defendant "has no affirmative duty to aid in the execution of his sentence." Vega v. United States, 493 F.3d 310, 319 (3d Cir. 2007)(citing Barker v. Wingo, 407 U.S. 514, 527 (1972)). Generally speaking, when a defendant has not completed his sentence due to the negligence of the government, and did not "actively effectuate[] his release," he is entitled to credit against his sentence for the time spent on liberty after his release. See id. at 322 (case involving a person erroneously released from custody). A similar rule, coined a waiver of jurisdiction, applies in cases in which the government "causes excessive delay in the commencement of a sentence." Id. at 315 n.3. "Waiver differs from the time spent at liberty rule because waiver prevents authorities from re-incarcerating a prisoner even if that prisoner still has time left on his sentence." Id.

In Vega, the United States Court of Appeals for the Third Circuit stated that, once the defendant shows that

3

there is unserved time remaining on the sentence, "the burden shifts to the government to prove either (1) that there was no negligence on the part of the imprisoning sovereign, or that the prisoner obtained or retained his liberty through his own efforts." Id. at 319.  Although the government can defeat a defendant's claim for relief by showing that he actively effectuated his release by escaping or actively thwarted government attempts to find and re-incarcerate him, "[t]he government cannot meets its burden ... merely by showing that a prisoner did not take affirmative steps to effectuate his own sentence." Id. at 322.  As explained by the Third Circuit:

> If a prisoner suspects that he may have another sentence to serve and does nothing to notify authorities, he may still receive credit against his sentence so long as his conduct has not violated his parole or thwarted authorities in any other manner.  This holding comports with other courts' decisions that have refused to require a prisoner to bring the mistaken release to the attention of either the releasing or imprisoning sovereign.

Id. (citation omitted).

In the present case, Mr. Scott asserts that the facts will show that his failure to complete his sentence is due to the negligence of the government, and that he is therefore entitled to relief from this Court's April 27th, 2004 Order.

4

To the extent further factual development is necessary to resolve this issue, Mr. Scott requests that an evidentiary hearing be held as soon as possible.  Mr. Scott further requests that his date for reporting to the Marshal's Office for commencement of his sentence, currently scheduled for January 3, 2008, be continued until further Order of Court.

        Respectfully submitted,


        **s\ Michael J. Novara**
        Michael J. Novara
        First Assistant Federal Public Defender
        Attorney I.D. No. 66434