IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 00-195 |
| | ) | |
| DAMIAN SCOTT | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
<u>MOTION TO VACATE APRIL 27, 2004, ORDER</u>

AND NOW, comes the United States of America by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Tina O. Miller, Assistant United States Attorney for said district, and submits the following Response to Defendant's Motion to Vacate April 27, 2004, Order.

1.  Defendant cites no basis for this Court's jurisdiction over this matter.  The Order that the Defendant seeks to vacate was filed over three years ago.  Under Fed.R.Crim.P. 35(a), a motion to correct a sentence must be filed within 7 days.  Defendant has cited no other jurisdictional or procedural mechanism to allow review of the April 27, 2004, Order at this time.  For this reason, the motion should be dismissed.

2.  Even if this Court had jurisdiction, the Defendant has cited the incorrect legal standard.  The Third Circuit case of <u>United States v. Vega</u>, 493 F.3d 310 (3d Cir. 2007) dealt with a prisoner who was released from state custody despite having unserved time remaining on his federal sentence.  The issue was whether Vega should get credit for time served while he was at

1

liberty, after he was erroneously released.  The concept of awarding credit for time spent erroneously at liberty is based on the principle that, unless interrupted by the fault of the prisoner, a prison sentence runs continuously from the date on which the defendant surrenders to begin serving it.  See e.g. Vega, 493 F.3d at 315.  That principle has no application here.

3. The Court in Vega specifically noted that "most agree that a mere delay in the commencement of a sentence is insufficient to give a prisoner the right to credit for time at liberty." 493 F.3d at 315.  This is because "a delay in the commencement of a sentence by itself does not constitute service of that sentence." Id. citing Leggett v. Fleming, 380 F.3d 232 (5th Cir. 2004).  The Vega court did recognize, however, that "some courts have held that if the authorities cause an excessive delay in the commencement of a sentence, they may waive jurisdiction of their right to execute a sentence." Id. at n.3.   Such a theory is distinct from the credit for time at liberty principle.  The waiver theory is based on "the fictive notion that by prolonged failure to incarcerate a convict who owes it time (either original or interrupted) a government may waive its jurisdiction to do so, thereby making any later incarceration one effected without jurisdiction and so a violation of due process." Hawkins v. Freeman, 195 F.3d 732, 744 (4th Cir. 1999)(internal quotations omitted).  Under the waiver theory, "gross negligence" must be found. Id.

4. No "gross negligence" can be found here.  After the April

2

27, 2004, Order was entered by the court, through inadvertence, no designation request was made by the USMS to the BOP. While a copy of the transcript has not yet been obtained by the USAO, it is understood that the Court required the Defendant to self-report by May 26, 2004 if a designation was not received. The Defendant should have reported and been taken into custody that day. The USMS has indicated it has no record of Scott showing up at their office. According to USMS personnel, if Scott had reported to their office, he would have been taken into custody, even if no designation had been issued. However, even if Scott had reported as scheduled, the Defendant has not established a basis for the extraordinary relief he requests in his motion.

    5.    The Motion should be dismissed.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

s/ Tina O. Miller
TINA O. MILLER
Assistant U.S. Attorney
PA ID No. 71101