IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
DAMIANE SCOTT,                    )
            Petitioner            )
                                  )
            v.                    )    Criminal No. 00-195
                                  )
                                  )
UNITED STATES MARSHALS SERVICE,   )
            Respondent            )
```

**PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

    AND NOW comes the defendant, Damiane Scott, by and through his attorney, Michael J. Novara, First Assistant Federal Public Defender, and respectfully moves this Court for a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  In support thereof, counsel states:

**INTRODUCTION:**

    1.  On April 30, 2001, Mr. Scott entered a guilty plea before this Honorable Court to one count of falsification of firearm purchase, in violation of 18 U.S.C. § 922(a)(6).

    2.  On July 10, 2001, Mr. Scott was sentenced to the custody of the Bureau of Prisons ("BOP") for a period of 5

months, to be followed by a two year period of supervised release.  In addition, Mr. Scott was granted permission by the Court to self-report for the service of his sentence.

   3.   As directed, Mr. Scott reported for and served the 5 month sentence.  Then, upon release, his 2 year term of supervised release commenced.

   4.   On January 28, 2004, during the period of supervised release, a petition was filed by the United States Probation Office requesting that Mr. Scott appear before this Court and show cause why his supervision should not be revoked.

   5.   On April 24, 2004, at the show cause hearing, Mr. Scott's supervised release was revoked.  He was sentenced by this Court to the custody of the BOP for a period of 7 months, with no supervised release to follow.

   6.   This Court again permitted Mr. Scott to self-report to the designated institution.  Specifically, Mr. Scott was ordered to report to the United States Marshal's Service ("U.S. Marshal's") by noon on May 26, 2004, if he had

not "heard and not been given instructions as to the place and time to serve" as of that date.

    7.   Mr. Scott has informed undersigned counsel that he did not hear from the U.S. Marshal's and, as directed by the Court, reported to their office on May 26, 2004.  Mr. Scott has further informed undersigned counsel that he was told by persons in that office that he should go back home since there was no paperwork on him and that he should wait to receive a letter regarding his designation.  Mr. Scott did not hear back from the U.S. Marshal's at or near that time.

    8.   The government denies that Mr. Scott reported to the U.S. Marshal's as directed.  The U.S. Marshal's has indicated that it has no record of Mr. Scott showing up to their office on May 26, 2004 and asserts that he would have been taken into custody if he had done so.

    9.   Over three years passed after Mr. Scott was sentenced by the Court before he received word from the U.S. Marshal's concerning his designation, which was some time in late 2007.

    10.  Mr. Scott reported to the U.S. Marshal's today, January 31, 2008, for the execution of this Court's April 24, 2004 sentence.

**DISCUSSION:**

    11.  As Mr. Scott is currently in the custody of the U.S. Marshal's, this court has jurisdiction over this matter pursuant to 28 U.S.C. § 2241(c).

    Section 2241 confers habeas corpus jurisdiction over the petition of a federal prisoner challenging the execution of his sentence.  <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001).  "The writ of habeas corpus shall not extend to a prisoner unless he is in custody under or by color of the authority the United States or is committed for trial before court thereof."  28 U.S.C. § 2241(c)(1).  This requirement that a petitioner be "in custody" "has been given a broad construction providing the federal writ with an expansive reach."  <u>Kravits v. Pennsylvania</u>, 546 F.2d 1100, 1102 (3d Cir.1977).  The Third Circuit has stated that "persons whose liberty is restricted are 'in custody'" as that term is used in the habeas context.  <u>Barry v. Brower</u>, 864 F.2d 294, 296 (3d Cir.1998) (citing <u>Jones v. Cunningham</u>, 371 U.S. 236, 243 (1963) (prisoner on parole is "in custody" for purposes of

4

§ 2241); see also Johnson v. United States, 529 U.S. 694, 710-11 (2000)(equating "parole" to "supervised release")). Because Mr. Scott is currently in custody, this Court may exercise jurisdiction over this motion pursuant to § 2241. Id.

    12.  Mr. Scott asserts that the circumstances surrounding the failure of the government to incarcerate him in a timely manner are sufficient to establish that the government has "waived jurisdiction" over Scott for the purposes of service of his sentence. See Shields v. Beto, 370 F.2d 1003 (5th Cir. 1967)(government's inaction for 28 years in enforcing a defendant's sentence constituted a waiver of its jurisdiction); Shelton v. Ciccone, 578 F.2d 1241 (8th Cir. 1978)(evidentiary hearing granted on issue of waiver of jurisdiction - government failed for seven years to enforce defendant's sentence); see also Piper v. Estelle, 485 F.2d 245, 246 (5th Cir. 1973)(sets forth the standard for a finding of waiver of jurisdiction where the state's inaction was grossly negligent).

5

13. Specifically, Mr. Scott asserts that the government's failure to incarcerate him for over three years after his sentence was imposed by this Court, through no fault of his own, amounts to "gross negligence" within the meaning of the above-cited "waiver of jurisdiction" case-law. A consequence of this negligence is that the government has "waived jurisdiction" or "waived their right" to now, many years later, enforce Mr. Scott's sentence.  <u>Shields</u>, 370 F.2d at 1006-1007.  As the Eighth Circuit stated in <u>Shelton</u>, "it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath" of the inaction of the U.S. Marshal's.  <u>Id</u>. at 1244 (quoting <u>Piper</u>, 485 F.2d at 246).

14. To date, it has been over 36 months since Mr. Scott reported to the U.S. Marshal's for the service of his 7 month sentence.  Since that time Mr. Scott has lived openly in the Western District of Pennsylvania, and has been gainfully employed since August of 2004.

15. In light of the factual controversy concerning Mr. Scott's appearance at the U.S. Marshal's office on May 26, 2004, as well as the amount of time that has passed since the sentence was imposed in this case, the government, through AUSA Tina Miller, does not oppose the granting of this writ.

16. For the foregoing reasons, Damiane Scott, respectfully petitions this Court to grant the writ of habeas corpus and order his immediate release from the custody of the U.S. Marshal's, to be followed by three months supervised release with the standard conditions of supervision and the special condition that he serve up to 90 days of said supervision in a community corrections facility.

                Respectfully submitted,

                **s\ Michael J. Novara**
                Michael J. Novara
                First Assistant Federal Public Defender
                Attorney I.D. No. 66434